## CITY HAUL, INC., In re.

Public Utilities Commission.

No. 3769.  Decided September 15, 1958.

Spetrino for Applicant.
Shaeffer for Protestants.

### FINDING AND ORDER

This is an Application by City Haul, Inc., to amend Contract Motor Carrier Permit No. 3315 by adding the Henry Straus Co., Cincinnati, Ohio, and Cincinnati Beauty and Barber Supply Dealers Association, Cincinnati, Ohio, as shippers under said permit.  Applicant desires to operate upon call of the shippers to and from the shippers' places of business in Cincinnati, Ohio, to and from points and places in the State of Ohio.  An appearance was entered on behalf of two carriers, but the only active protestant was Cincinnati-Loveland Motor Express, Inc.

This matter was heard by an Attorney Examiner who recommended that the Application be granted. Exceptions to the Examiner's Report and Recommendation were filed on behalf of the Protestants. Our conclusions differ from those recommended by the Examiner for the reasons set forth herein.

City Haul is a trucking company engaged in local drayage and delivery work of various types in the Cincinnati area. It presently is serving four shippers under its Permit No. 3315. In its business the Applicant uses approximately 100 units of various types of equipment. A majority of its transportation service is performed within the greater Cincinnati area. It is presently serving both shippers involved in this Application in the exempt zone of Cincinnati with a daily pick-up and delivery service. For this service a charge of 38c a package is made to the Beauty & Barber Supply Dealers Association and a charge of 33c per package to the Henry Straus Co.

Under the contracts attached to the instant application the rates to be charged these two shippers are 55c per package. In case of a movement that would require the services of a truck and two men the rate is $7.06 an hour.

One of the shippers involved in the Application, Cincinnati Beauty & Barber Supply Dealers Association, is an association of seven companies which service beauty and barber shops. One of these companies operates a retail store while the other six are wholesale suppliers. The Association has been in existence for approximately 11 years. It was formed to perfect a credit group and to serve any other interests that might be of mutual benefit to the companies. The Association is supported by dues from its members. The Association itself is not a shipper of goods; it being proposed that shipments would be made for the individual members of the Association.

The Examiner found that the Association was a proper party to enter into a contract for motor transportation service from a private motor carrier. The Commission does not concur with this finding.

Sec. 4923.05 R. C., provides that an Application for a private motor carrier permit shall contain the names of the persons, firms, or corporations with whom the Applicant has contracted or proposes to contract as a private motor carrier; have attached to the Application an affidavit signed by each such person, firm, or corporation proposing to employ the Applicant as its private contract carrier; and be accompanied by a contract duly executed by the Applicant and each such person, firm, or corporation employing or proposing to employ the Applicant. It is the opinion of the Commission that these requirements and the provisions of §4923.07 R. C., forbid the granting of a private motor carrier permit which would authorize a carrier to transport property for an association of individual shippers. The permit holder must have an individual contract with each shipper and the permit must authorize transportation of property for each shipper.

The present record does not name the individual companies or parties which are members of the Association. If the permit were granted the Commission and its agents would not know whether or not the

Applicant has authority to transport an individual shipment. Additional companies could secure the Applicant's service merely by becoming members of the Association. The duty of the Commission to authorize additional motor carrier service to serve the public interest cannot be delegated to a private association.

The Commission agrees with the Examiner that the other shipper, the Henry Straus Co., is a proper party to enter into a contract for motor transportation service from a private motor carrier. This shipper is a wholesale tobacco distributor. It services an area east from Cincinnati to Portsmouth, north to Chillicothe and to Lima, Van Wert and St. Marys. The Commission also agrees that this shipper has a need for the service proposed by the Applicant. It has a need for prompt delivery service to its customers in this area.

The Examiner found that the service of the Protestant, Cincinnati-Loveland Motor Express, Inc., was deficient in that it did not offer transportation service to the shippers at rates substantially equivalent to that of the Applicant. The Commission concurs in this finding but it is of the opinion that the service of the Protestant is deficient in another respect.

The Protestant is the holder of two certificates. Certificate No. 2349 authorizes operations on a regular route between Cincinnati and Loveland. Certificate No. 3279 authorizes the transportation of property over irregular routes from and to Loveland and Madisonville, which is within the Commercial Zone of Cincinnati. The record in this proceeding indicates that the Protestant confines its operations to service over its regular route between Cincinnati and Loveland. The president of the protesting carrier testified that he was ready, willing and able to transport any of the commodities that had been testified to by the two shippers and that he had never been called upon by either of the shippers to serve any point other than a point on his regular route. These general statements do not show that the Protestant is actually able to furnish the prompt delivery service required by the shipper, Henry Straus Co., in making deliveries to its customers in the entire area served by the shipper. A need for motor transportation service should not be denied unless the protesting carrier can show that it is actually capable of performing the needed service.

Based upon the testimony and exhibits of record, the Commission finds that:

(1) The Applicant is a proper party to hold a private motor carrier permit;

(2) Cincinnati Beauty & Barber Supply Dealers Association is not a proper party to enter into a contract for motor transportation service from a private motor carrier;

(3) The contract between the Applicant and the Henry Straus Co. is bilateral and complies with the requisites of the statutes;

(4) The Henry Straus Co. requires the proposed trucking services of the Applicant;

(5) The service of the Protestant is deficient in that the Protestant does not offer transportation to the Henry Straus Co. at rates substan-

tially equivalent to that of the Applicant and does not furnish the type of transportation service needed by the shipper in the entire area where the shippers' customers reside; and

(6) The granting of the Application to amend Contract Motor Carrier Permit No. 3315 by adding the Henry Straus Co. as a shipper under said permit will not conflict with the public interest.

It is, therefore,

ORDERED, That the Application of City Haul, Inc., to amend Contract Motor Carrier Permit No. 3315 by the addition thereto of Cincinnati Beauty & Barber Supply Dealers Association as a shipper be, and the same hereby is, denied.

It is, further

ORDERED, That the Application of City Haul, Inc., to amend Contract Motor Carrier Permit No. 3315 by the addition thereto of Henry Straus Co., as a shipper be, and the same hereby is, granted.

THE PUBLIC UTILITIES COMMISSION OF OHIO

Entered in Commission's Journal: Everett H. Krueger, Jr., Chairman
September 15, 1958          Ralph A. Winter
A true copy:                 Edward J. Kenealy
W. E. Herron, Secretary          Commissioners